### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KEVIN TRUONG,                   :

       Plaintiff,            :

                            :      Case No. 21-cv-5637

v.                          :

                            :

ALLSTATE MOTOR CLUB, INC.    :      JURY DEMAND

                            :

       Defendant.        :

                            :

                            :

                            :

_____ /

### COMPLAINT

**Preliminary Statement**

1.      Plaintiff Kevin Truong ("Plaintiff") brings this action for relief under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.   As described below, defendant Allstate Motor Club, Inc. ("Allstate") committed numerous independent violations of the TCPA by initiating telephone solicitations to Plaintiff's residential telephone number (i) before the hours of 8 a.m. or after 9 p.m., (ii) despite Plaintiff's registration of his telephone number on the national do-not-call-registry, and (iii) without honoring Plaintiff's repeated requests that Allstate stop the solicitations.

3.      Plaintiff seeks monetary and injunctive relief as described below.

**Parties**

4.      Plaintiff Kevin Truong is an individual person and a resident of Georgetown, TX.

5.      Allstate is a Delaware corporation with its principal place of business in Northbrook, Illinois.

## Jurisdiction & Venue

6.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Allstate resides in this district.

## Factual Allegations

8.      Allstate provides roadside assistance services in which Allstate connects its customers seeking roadside assistance with a local service provider in the customer's area.

9.      Allstate charge various fees in connection with its services.  For instance, at the time of this filing, Allstate advertises tow services for $119, lockout services for $79, fuel delivery services for $79, tire change services for $84, and jump start services for $79.

10.      In addition, Allstate's local service providers also charge Allstate's customers various additional fees in connection with their services, which are payable directly to the local service provider.

11.      Between January 2021 and August 2021, Allstate sent Plaintiff numerous text message for the purpose of encouraging the purchase of roadside assistance services.

12.      Plaintiff did not request roadside assistance services or otherwise invite the communications.

13.      Many of these text messages included a hyperlink to a webpage on Defendant's website that prominently displayed an advertisement encouraging the reader to download and use a mobile app to make future roadside assistance requests.

14.     Allstate sent these messages to Plaintiff's residential telephone number, (712) 345-XXX, which is assigned to cellular telephone service.

15.     Plaintiff registered this telephone number on the National Do Not Call Registry on April, 3, 2014.

16.     Allstate used the short code 27024 and the number 224-412-3755 to send the messages.

17.     Plaintiff responded "STOP" on numerous occasions, including on January 19, 2021, January 20, 2021, January 21, 2021, and January 22, 2021 but the messages continued.

18.     On each of these occasions, Allstate failed to record Plaintiff's do-not-call request, place Plaintiff's number on its do-not-call list, and honor Plaintiff's do-not-call request within a reasonable time.

19.     In addition, Allstate sent several of these messages before 8:00 a.m. Plaintiff's local time. For instance, Allstate sent messages on March 2, 2021 at 7:18 a.m, 7:25 a.m., 7:26 a.m., 7:33 a.m., 7:34 a.m., 7:43 a.m., and 7:59 a.m.

20.     Allstate sent several of these messages after 9:00 p.m. Plaintiff's local time. For instance, Allstate sent messages on March 1, 2021 at 10:00 p.m, 10:02 p.m., 10:04 p.m., 10:06 p.m., 10:09 p.m., 10:14 p.m., 10:15 p.m., 10:17 p.m., 10:18 p.m., 10:22 p.m., 10:25 p.m., 10:30 p.m., 10:35 p.m., 10:52 p.m., 10:57 p.m., and 11:02 p.m.

## Legal Claims

### Count One – Time Violations

21.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

22.     Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(1) by initiating multiple telephone solicitations within a 12-month period to Plaintiff's residential telephone number before the hour of 8 a.m. and after the hour of 9 p.m. Plaintiff's local time.

23.     Defendant's violations were negligent and/or willful.

### Count Two – National Do Not Call Registry Violations

24. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

25.     Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating multiple telephone solicitations within a 12-month period to Plaintiff's residential telephone number despite its registration on the National Do Not Call Registry.

26.     Defendant's violations were negligent and/or willful.

### Count Three – Internal Do-Not-Call Request Violations

27.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

28.     Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)(2) by initiating multiple telephone solicitations within a 12-month period to Plaintiff's residential telephone number without recording and honoring Plaintiff's do-not-call requests.

29.     Defendant's violations were negligent and/or willful.

### Relief Sought

Plaintiff requests the following relief:

A.     A declaration that Defendant's actions complained of herein violate the TCPA;

B.     An order enjoining Defendant from sending Plaintiff any more text messages; and

C.     An award to Plaintiff of statutory damages, as allowed by law

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ Timothy J. Sostrin*
Timothy J. Sostrin
Keith J. Keogh
KEOGH LAW, LTD.
55 W. Monroe St. Suite 3390
Chicago, IL 60603
tsostrin@KeoghLaw.com